## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JUAN BRADLEY, | ) | CASE NO. 8:10CV410 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM |
| WARREN K. URBOM, DAVID L. | ) | AND ORDER |
| PIESTER, WILLIAM CAMBRIDGE, | ) | |
| LAURIE SMITH CAMP, LYLE E. | ) | |
| STORM, RICHARD KOPF, JOSEPH | ) | |
| BATAILLION, and ALL FEDERAL | ) | |
| COURT JUDGES IN THIS STATE, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on Plaintiff's Motion for Leave to Proceed In Forma Pauperis ("IFP").[1]  (Filing No. 2.)  As set forth in the Prison Litigation Reform Act, a prisoner cannot:

> [B]ring a civil action . . . or proceeding [in forma pauperis] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action . . . in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted.

28 U.S.C. §1915(g).

The following four cases brought by Plaintiff were dismissed as frivolous:

- *Bradley v. Urbom, et al.*, Case No. 8:92CV54 (D. Neb.), dismissed as frivolous on March 10, 1992.

---

[1]The undersigned judge notes that she—along with "all federal court judges in this state"—has been named a Defendant in this matter.  (Filing No. 1 at CM/ECF p. 1.) Under 28 U.S.C. § 455(a), a judge is required to disqualify herself in any proceeding in which her impartiality might reasonably be questioned.  However, the Rule of Necessity provides that if a judge who would ordinarily hear the case is likely to disqualify herself because of her interest in its outcome, she may hear the case if, otherwise, it would not be heard at all.  *United States v. Will*, 449 U.S. 200, 212-13 (1980).  Here, considering the burden of transferring this case out of the district and considering the frivolous nature of Plaintiff's allegations, which is apparent from the face of his Complaint, the court determines that "this is the type of situation in which the long-standing Rule of Necessity applies."  *See Complaint of Doe*, 2 F.3d 308, 310 (8th Cir. 1993).

- *Bradley v. The Senate, et al.*, Case No. 8:92CV96 (D. Neb.), dismissed as frivolous on May 7, 1992.

- *Bradley v. U.S. District Court, et al.*, Case No. 8:92CV127 (D. Neb.), dismissed as frivolous on March 13, 1992.

- *Bradley v. Urbom, et al.*, Case No. 8:92CV188 (D. Neb.), dismissed as frivolous on April 13, 1992.

Accordingly, Plaintiff has until December 16, 2010, to show cause why this matter should not be dismissed pursuant to 28 U.S.C. §1915(g).  Alternatively, Plaintiff may pay the full $350.00 filing fee no later than December 16, 2010.  In the absence of good cause shown or the payment of the full filing fee, Plaintiff's Complaint and this matter will be dismissed without further notice.

IT IS THEREFORE ORDERED that:

1.   Plaintiff's Motion for Leave to Proceed In Forma Pauperis (Filing No. 2) is denied.  Plaintiff has until December 16, 2010, to either show cause why this case should not be dismissed pursuant to 28 U.S.C. §1915(g) or pay the full $350.00 filing fee.  In the absence of either action by Plaintiff, this matter will be dismissed without further notice; and

2.   The Clerk of the court is directed to set a pro se case management deadline in this matter with the following text: December 16, 2010: Deadline for Plaintiff to show cause or pay full filing fee.

DATED this 16th day of November, 2010.

BY THE COURT:


s/Laurie Smith Camp
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites.  The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.