IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JUAN BRADLEY, | ) | CASE NO. 8:10CV410 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MEMORANDUM |
| | ) | AND ORDER |
| WARREN K. URBOM, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on Plaintiff's Motion for Recusal and his response to the court's previous order requiring him to show cause why he is entitled to proceed in forma pauperis ("IFP") in this matter. (Filing No. 8.) As set forth below, the court finds that Plaintiff's Motion should be denied and this matter should be dismissed.

## I. MOTION FOR RECUSAL

In Plaintiff's Motion for Recusal, Plaintiff alleges the undersigned judge is a defendant in this matter and, therefore, should not preside over Plaintiff's case. (*Id.* at CM/ECF p. 1.) Plaintiff also alleges the undersigned judge has attempted to kill him. (*Id.* at CM/ECF pp. 1-2.) While it is true that Plaintiff named the undersigned judge as a defendant in this matter, along with "all federal court judges in this state," (Filing No. 1 at CM/ECF p. 1), the Rule of Necessity provides that if a judge who would ordinarily hear the case is likely to disqualify herself because of her interest in its outcome, she may hear the case if, otherwise, it would not be heard at all. *United States v. Will*, 449 U.S. 200, 212-14 (1980). Here, considering the burden of transferring this case out of the district, and also considering the frivolous nature of Plaintiff's allegations, which is apparent from the face of his Complaint, the court determines that "this is the type of situation in which the long-

standing Rule of Necessity applies." See *Complaint of Doe*, 2 F.3d 308, 310 (8th Cir. 1993). Accordingly, Plaintiff's Motion for Recusal (Filing No. 8) will be denied.

## II. RESPONSE TO NOVEMBER 16, 2010, MEMORANDUM AND ORDER

### A. Background

Plaintiff, while incarcerated, filed a Complaint and a Motion for Leave to Proceed IFP on October 19, 2010. (Filing Nos. 1 and 2.) On November 16, 2010, the court ordered Plaintiff to either show cause why he is entitled to proceed IFP, or pay the full $350 filing fee by December 16, 2010, or his case would be dismissed. (Filing No. 7 at CM/ECF p. 2.) The court's order was based on the provisions set forth in 28 U.S.C. § 1915(g), and also the court's finding that Plaintiff brought the following four cases while incarcerated, all of which were dismissed as frivolous:

- *Bradley v. Urbom, et al.*, Case No. 8:92CV54 (D. Neb.), dismissed as frivolous on March 10, 1992.

- *Bradley v. The Senate, et al.*, Case No. 8:92CV96 (D. Neb.), dismissed as frivolous on May 7, 1992.

- *Bradley v. U.S. District Court, et al.*, Case No. 8:92CV127 (D. Neb.), dismissed as frivolous on March 13, 1992.

- *Bradley v. Urbom, et al.*, Case No. 8:92CV188 (D. Neb.), dismissed as frivolous on April 13, 1992.

On November 19, 2010, Plaintiff filed a response to the court's Memorandum and Order where he set forth various reasons his case should not be dismissed. (Filing No. 8.)

### B. Analysis

A prisoner may not bring a civil action or proceed IFP if the prisoner has, on three or more occasions, while incarcerated, brought an action or appeal in federal court that

was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(g). An exception is made for prisoners who are under imminent danger of serious physical injury. *Id.*

In its previous Memorandum and Order, the court ordered Plaintiff to show cause why his case should not be dismissed pursuant to § 1915(g). (Filing No. 7 at CM/ECF p. 2.) The court listed four cases brought by Plaintiff that were dismissed because they were frivolous. (*Id.* at CM/ECF pp. 1-2.) For Plaintiff to proceed IFP, he needed to show the court that any or all of the four dismissed cases do not meet the criteria set forth in § 1915(g) or, alternatively, that he faces imminent danger of serious physical injury.

In Plaintiff's response to the court's November 16 2010, Memorandum and Order, Plaintiff does not deny that the four cases set forth above were dismissed because they were frivolous. Rather, Plaintiff alleges that his "life is in peril." (Filing No. 8 at CM/ECF p. 2.) However, Plaintiff makes no credible argument to support his allegation. Though unclear, the court presumes Plaintiff's allegation that his life is in peril is based on Plaintiff's statements that the undersigned judge has attempted to kill him. (*Id.*) These general assertions are insufficient to invoke the § 1915(g) exception. In short, Plaintiff has not shown that he is entitled to proceed IFP, nor has he paid the full $350 filing fee. For these reasons, this matter must be dismissed.

IT IS THEREFORE ORDERED that:

1. Petitioner's Motion for Recusal (Filing No. 8) is denied;
2. This matter is dismissed without prejudice; and

3

3. A separate judgment will be entered in accordance with this Memorandum and Order.

DATED this 20th day of December, 2010.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.